### OLE T. RAMSLAND v. OLE G. ROSTE.[1]

October 29, 1896.

Nos. 10,150—(108).

**Authority of Attorney—Frivolous Appeal.**
*Held*, that the appeal in this case is without merit.

Appeal by defendant from a judgment of the district court for Renville county, in favor of plaintiff for $28.20. Affirmed.

*R. T. Daly* and *C. A. Fosness*, for appellant.
*McClelland & Tifft*, for respondent.

COLLINS, J. This is an appeal in an action originally brought in justice's court to recover upon defendant's written acceptance of an

[1] Reported in 68 N. W. 847.
66 M.—9

order, also in writing, for $20. On the return day mentioned in the summons—July 8, 1895—the parties appeared by their attorneys; and defendant, by his attorney, filed an answer in which the making and acceptance of the order were admitted, but it was alleged that such acceptance was procured by plaintiff by means of false and fraudulent representations. It was admitted, however, that there was due thereon to plaintiff the sum of $7, and that plaintiff was entitled to judgment for that sum, with interest and costs. On the filing of a reply the cause was continued until July 20 by consent of parties. July 18 there was filed with the justice a written stipulation, signed by the attorneys for the respective parties, which in terms waived all irregularities, and authorized the justice to enter judgment in favor of plaintiff for $7.85 damages, and the costs of the action, fixed at $7.10.

On July 20 plaintiff made no appearance, but, from certain unauthorized entries found in the justice's docket, it appears that defendant appeared in person and by another attorney, and, under oath, alleged that neither of the attorneys who answered for him was "engaged to defend him in this action," that they were never authorized "to make any stipulation" in his behalf, and further that he was not indebted to plaintiff in any sum. So far as appears from the record, the defendant made no further effort to avoid the effect of the answer or the stipulation. He did not ask permission to file any other or different answer, nor did he do anything more than orally assert that all steps previously taken were unauthorized, except to demand that the case be dismissed because of plaintiff's failure to be present on the day to which the cause had been continued. And these facts only appear from the recitals in the docket. The justice denied the motion to dismiss, and on the same day entered judgment against defendant in accordance with the terms of the stipulation. Defendant appealed on questions of law, and this judgment was affirmed in district court.

We have stated the facts with more particularity than the case deserves, for the purpose of emphasizing the statement that, putting aside all consideration of the insignificant amount involved, the appeal is frivolous and without merit. This is so plain that we do not propose to dignify the case, or waste any time in discussing the points made by defendant's counsel in his behalf.

Judgment affirmed.